UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMAURY URENA,

                  Plaintiff,

-against-

THE CITY OF NEW YORK;
DEPARTMENT OF JUSTICE; DEPUTY
WARDEN OF BRONX COURT; JOHN
DOE; DW JOHN DOE,

                  Defendants.

1:24-CV-1886 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Amaury Urena, who is currently held in the Rose M. Singer Enhanced Supervised Housing facility on Rikers Island, filed this action *pro se* asserting claims for damages and injunctive relief under 42 U.S.C. § 1983. He sues: (1) the City of New York; (2) the United States Department of Justice ("DOJ"); (3) the "Deputy Warden of Bronx Court"; and (4) two unidentified "John Doe" defendants who are alleged to be assigned to the "Bronx Criminal Court," which the Court understands to be the Criminal Part of the New York Supreme Court, Bronx County.

      By order dated April 8, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After

2

separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges that, on various dates between approximately March 17, 2021, and February 27, 2023, and thereafter, he was searched for weapons at the unspecified facility where he was then detained before being transported to what appears to have been the Criminal Part of the New York Supreme Court, Bronx County. He also alleges that, on those dates, once he arrived at the state court, he was searched for weapons for a second time; none were ever found or detected on him. Plaintiff further alleges that, also on those dates, when he arrived at the state court, he was placed in a state court holding cell while awaiting court proceedings. He alleges that, during those occasions, he was handcuffed and shackled, with waist chains and "mittens," and was alone "in a cell where [he] could[] [not] pose a threat to anybody[,] without being able to huma[n]ely regularly eat or use the bathroom." (ECF 1, at 3.) Plaintiff states that he is "claiming 14th and 8th Amendment violations of cruel [and] unusual punishment and deliberate indifference." (*Id.*). He asserts that he has suffered "back pain, wrist and an[k]le pain[,] mental anguish[,] [and] emotional distress." (*Id.*)

In addition to damages, Plaintiff asks the Court to issue an order directing the defendants "to stop the cruel and unusual and inhumane treatment to all detainees awaiting trial." (*Id.* at 5.) Plaintiff also seeks the appointment of counsel. (*Id.*)

## DISCUSSION

A.   **Claims on behalf of others**

The Court must dismiss Plaintiff's claims that he asserts on behalf of other prisoners regarding the treatment that they have received while they have been detained in holding cells in

3

the abovementioned state court. The statutory provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks and citation omitted). In addition, "because *pro s*e means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *Cheung v. Youth Orch. Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990). Plaintiff does not allege that he is an attorney, therefore, he cannot assert claims in this action on behalf of others, including others who have been detained in holding cells in the abovementioned state court. The Court therefore dismisses, without prejudice, any claims that Plaintiff raises in this action on behalf of anyone else, including others who have been detained in holding cells in the abovementioned state court.

**B.     Claims against the DOJ**

The Court must dismiss the claims that Plaintiff asserts on his own behalf against the DOJ under the doctrine of sovereign immunity. This doctrine bars federal courts from hearing all suits against the federal government, including suits against any agency of the federal government, such as the DOJ, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").

Plaintiff alleges nothing to suggest that the doctrine of sovereign immunity has been waived with respect to his claims against the DOJ. The Court therefore dismisses Plaintiff's claims against the DOJ, under the doctrine of sovereign immunity, *see* 28 U.S.C.

§ 1915(e)(2)(B)(iii), and consequently, for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

C. **Claims under 42 U.S.C. § 1983 against the City of New York**

The Court must dismiss Plaintiff's own claims under 42 U.S.C. § 1983 against the City of New York. When a plaintiff sues a municipality, such as the City of New York, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim under Section 1983 against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted).

While Plaintiff may be suggesting the existence of a policy, custom, or practice regarding those held in state court holding cells, he does not allege anything about a policy, custom, or practice of the City of New York, and how such a municipal policy, custom, or practice caused a violation of his federally protected rights. The Court therefore dismisses Plaintiff's own claims under Section 1983 against the City of New York for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to replead his claims under Section 1983 against the City of New

York in an amended complaint in which he alleges facts that show that a policy, custom, or practice of the City of New York caused a violation of his federally protected rights.

**D.        Claims under Section 1983 against the individual defendants**

To the extent that Plaintiff asserts claims under Section 1983 against the individual defendants, the Court must dismiss those claims. To state a claim under Section 1983 against individual state actors, such as the individual defendants, a plaintiff must allege facts showing that those individuals were directly and personally involved in an alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). An individual state actor defendant may not be held liable under Section 1983 solely because that individual employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not show how any of the individual defendants was directly and personally involved with the alleged violations of his federal constitutional rights. The Court therefore dismisses Plaintiff's claims under Section 1983 against the individual defendants, for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii). The Court, however, grants Plaintiff leave to amend his complaint to name as defendants those individual state actors who were directly and personally involved in the alleged violations of federal constitutional rights and

to allege facts showing how those individuals were each directly and personally involved in those alleged violations.

E. **Claims under Section 1983 arising from Plaintiff's state court holding-cell conditions of confinement**

The Court understands Plaintiff's complaint as asserting claims, under Section 1983, arising from Plaintiff's conditions of confinement while Plaintiff was confined in a state court holding cell. He does not specify, however, whether he was a pretrial detainee or a convicted prisoner at the time that he was confined in that holding cell. His custody status is important because, if he was a pretrial detainee, these claims arise under the Due Process Clause of the Fourteenth Amendment; if he was a convicted prisoner, these claims arise under the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Regardless of whether Plaintiff was a pretrial detainee or convicted prisoner, he must satisfy the following two elements to state a conditions-of-confinement claim under Section 1983: (1) an "objective" element, which requires a showing that the challenged conditions of confinement were sufficiently serious, and (2) a "subjective" or "mental" element, which requires a showing that the defendant correction or custodial official acted with at least deliberate indifference to the challenged conditions. *Darnell*, 849 F.3d at 29-33.

The objective element of a conditions-of-confinement claim is the same for pretrial detainees and convicted prisoners – "the inmate must show that the conditions, either alone or in combination, pose[d] an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)); *see also Farmer v. Brennan*, 511 U.S. 825, 828 (1994) ("A prison official's

'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."). "[O]fficials violate the Constitution when they deprive an inmate of his basic human needs such as food, clothing, medical care, and safe and sanitary living conditions." *Walker*, 717 F.3d at 125 (internal quotation marks and citation omitted).

The second element – the "subjective" or "mental" element – varies depending on whether the plaintiff was a pretrial detainee or convicted prisoner at the time of the alleged events. A convicted prisoner must allege that a correction or custodial official "'kn[e]w[] of and disregard[ed] an excessive risk to inmate health or safety; the official must [have been] both . . . aware of facts from which the inference could [have] be[en] drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference.'" *Darnell*, 849 F.3d at 32 (quoting *Farmer*, 511 U.S. at 837). A pretrial detainee must allege that "the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35. The mere negligence of an official is not a basis for a claim of a federal constitutional violation under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Plaintiff does not allege whether he was a pretrial detainee or a convicted prisoner while he was held in the state court holding cell. In addition, even if the Court were to conclude, for the purposes of this order, that Plaintiff's allegations satisfy the objective element of an Eighth Amendment or Fourteenth Amendment conditions-of-confinement claim under Section 1983, Plaintiff has alleged no facts showing, under either applicable standard, that any of the individual correction or custodial defendants was at least deliberately indifferent to a risk of serious injury

8

to Plaintiff while he was detained in a state court holding cell. Specifically, to the extent that Plaintiff was a convicted prisoner at the time of the alleged incidents, Plaintiff does not show that any of the individual correction or custodial defendants knew of and disregarded an excessive risk to Plaintiff's health or safety with regard to Plaintiff's conditions of confinement while he was held in a state court holding cell; Plaintiff does not show that any of those defendants was both aware of facts from which the inference could have been drawn that a substantial risk of serious harm to Plaintiff existed as to his conditions of confinement, and that any such defendant drew that inference. Alternatively, to the extent that Plaintiff was a pretrial detainee at the time of the alleged incidents, he does not show that any of those defendants acted intentionally to cause an excessive risk to his health or safety with regard to his conditions of confinement while he was held in a state court holding cell, or recklessly failed to act with reasonable care to mitigate an excessive risk to his health or safety as to those conditions of confinement, even though that defendant knew, or should have known, that such conditions of confinement posed an excessive risk to Plaintiff's health or safety. The Court therefore dismisses these conditions-of-confinement claims, asserted under Section 1983, for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii). The Court, however, grants Plaintiff leave to replead these claims in an amended complaint in which he alleges facts sufficient to state such a claim arising from his conditions of confinement in a state court holding cell.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the United States Court of Appeals for the Second Circuit has cautioned that district courts "should not dismiss [a *pro se*

9

complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under Section 1983, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims, as specified above.

The Court grants Plaintiff leave to amend his complaint to provide more facts about his claims. First, Plaintiff must name as defendant(s) in the caption[2] and in the statement of claim those individuals who were allegedly directly and personally involved in the deprivation of his federal rights. If Plaintiff does not know the name of an individual defendant, he may refer to that individual as "John Doe" or "Jane Doe," with descriptive information, in both the caption and the body of the amended complaint.[3] The naming of "John Doe" or "Jane Doe" defendants, however, does *not* toll the three-year limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" or "Jane Doe" defendant and amending his complaint to include the identity of any "John Doe" or "Jane Doe" defendant before the applicable limitations period expires. Should Plaintiff seek to add a new claim or party after the applicable limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

---

[2] The caption is located on the front page of the complaint. Each defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in the amended complaint's statement of claim.

[3] For example, a defendant may be identified as: "Court Officer John Doe #1, on duty on May 8, 2024, at the New York Supreme Court, Albany County, holding cell, during the 7 a.m. to 3 p.m. shift."

In the "Statement of Claim" section of the amended complaint, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each named defendant. If Plaintiff has an address for any named defendant, he must provide it. Plaintiff should include all of the information in the amended complaint that he wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended

Complaint," and label the document with docket number 1:24-CV-1886 (LTS).[4] An amended civil rights complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss this action; the Court will: (1) dismiss Plaintiff's claims that he asserts on behalf of others without prejudice; (2) dismiss Plaintiff's own claims against the DOJ under the doctrine of sovereign immunity, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3); (3) dismiss Plaintiff's own claims under 42 U.S.C. § 1983 for failure to state a claim on which relief may be granted, *see* § 1915(e)(2)(B)(ii); and (4) deny his request for the appointment of counsel as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 21, 2024
            New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[4] The Court will not address Plaintiff's request for the appointment of counsel until after Plaintiff has filed an amended complaint in compliance with this order.