

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**EDWARD REILINGH**
*Assistant Corporation Counsel*
Tel.: (212) 356-3521
Fax: (212) 356-3509
ereiling@law.nyc.gov

April 8, 2025

**VIA ECF**
Honorable Jesse M. Furman
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    Amaury Urena v. the City of New York, et al.,
               24 Civ. 1886 (JMF)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of the Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney representing defendants the City of New York and Idi Guity (hereinafter "defendants") in the above-referenced matter. Defendants respectfully write to request: (1) that the Court endorse the proposed briefing schedule for defendants' motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(c); and (2) stay discovery pending motion practice.

      By way of relevant background, plaintiff, who is proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging that on various dates between March 17, 2021 and February 29, 2024, he was subject to unconstitutional conditions of confinement while incarcerated at Rikers Island and transported to Bronx Supreme Criminal Court holding cells. Plaintiff filed his initial Complaint on March 12, 2024 and then filed an Amended Complaint on July 30, 2024. On January 23, 2025, the Court held an initial court conference and set a discovery schedule with all discovery closing on July 23, 2025.

      Thereafter, the undersigned became aware that on November 1, 2024, plaintiff executed settlement paperwork in the matter of Amaury Urena v. Captain Terrance Shaw, 22-cv-4769 (S.D.N.Y.) (RA) (GS), wherein plaintiff released the City of New York and all past and present officials, employees, representatives, and agents of the City of New York from claims or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims

from the beginning of the world to the date of the release. Thus, because the incidents that gave rise to this action occurred well before November 1, 2024, the date of the execution of the release, the unambiguous and all-inclusive language within the November 1, 2024 release bars plaintiff's claims asserted here. Accordingly, defendants respectfully request that the Court endorse the following proposed briefing schedule:

- Defendants serve and file their motion papers on or before May 8, 2025;

- Plaintiff serves and files his opposition, if any, on or before June 9, 2025; and

- Defendants serve and file their reply on or before June 23, 2025.

Additionally, defendants respectfully request that the Court stay discovery in this matter pending motion practice. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a court has discretion to stay discovery "for good cause." "Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." Boelter v. Hearst Communs., Inc., No. 15 Civ. 03934 (AT), 2016 U.S. Dist. LEXIS 12322, at *13 (S.D.N.Y. Jan. 28, 2016) (quoting Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd., 206 F.R.D. 367, 368, 368 (S.D.N.Y. Apr. 8, 2002) (internal quotations omitted)).[1] In determining whether to stay discovery, the Court should consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." Kanowitz v. Broadridge Fin. Solutions Inc., No. 13-CV-649 (DRH) (AKT), 2014 LEXIS 46518 at *15–*16 (E.D.N.Y. Mar. 31, 2014). Courts in this Circuit "have held that a stay of discovery is appropriate. . . where the motion appears to have substantial grounds or[,] stated another way, does not appear to be without foundation in law." Johnson v. N.Y. Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (internal citations and quotations omitted). Here, each of these considerations weighs heavily in favor of granting a stay pending the decision on defendants' anticipated motion to dismiss.

Accordingly, defendants respectfully request: (1) that the Court endorse the proposed briefing schedule for defendants' motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(c); and (2) stay discovery pending motion practice.

Thank you for your consideration herein.

Application GRANTED.  Defendants' proposed briefing schedule is hereby ADOPTED and, unless and until the Court orders otherwise (e.g., on motion by Plaintiff), discovery is hereby STAYED pending motion practice.  The Clerk of Court is directed to terminate ECF No. 27 and to mail a copy of this Order to Plaintiff.  SO ORDERED.

April 8, 2025

Respectfully submitted,

*/s/ Edward Reilingh*

Edward Reilingh
*Assistant Corporation Counsel*
Special Federal Litigation Division

---

[1] In accordance with Local Civil Rule 7.2, copies of all electronically published decisions are appended to the copy of this letter served on plaintiff.