```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                    :
AMAURY URENA,                                       :
                                                    :
                          Plaintiff,                :
                                                    :          24-CV-1886 (JMF)
         -v-                                        :
                                                    :        MEMORANDUM OPINION
THE CITY OF NEW YORK et al.,                        :             AND ORDER
                                                    :
                          Defendants.               :
                                                    :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff Amaury Urena, a state prisoner proceeding without counsel, filed this lawsuit on March 12, 2024, against the City of New York and two City employees ("Defendants") alleging unconstitutional conditions of confinement pursuant to 42 U.S.C. § 1983 based on events that allegedly occurred between March 17, 2021, and February 29, 2024. *See* ECF No. 8 ("Compl."), at 4; *see also* ECF No. 1. On November 1, 2024, while this case was pending, Urena settled another civil case that he had filed in this District, *Amaury Urena v. Captain Terrance Shaw*, No. 22-CV-4679 (RA) (GS) (S.D.N.Y.). In connection with that settlement, Urena signed (1) a "Stipulation of Settlement and a General Release," in which he agreed "to release . . . all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release," ECF No. 35-1 ("Settlement"), ¶ 2; and (2) a general release containing substantially similar language, *see* ECF No. 35-2 ("Release"), at 2.[1] Defendants

---

[1] The Court takes judicial notice of the documents filed in Urena's other case. *See Deylii v. Novartis Pharms. Corp.*, No. 13-CV-6669 (NSR), 2014 WL 2757470, at *4 (S.D.N.Y. June 16, 2014) (collecting cases for the proposition that, when resolving a motion to dismiss, "[s]ettlement

move, pursuant to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure, *see* ECF No. 33, to dismiss this case on the ground that it is barred by these releases, *see* ECF No. 36 ("Defs.' Mem."), at 1.

Settlement agreements "are contracts and must therefore be construed according to general principles of contract law." *Collins v. Harrison-Bode*, 303 F.3d 429, 433 (2d Cir. 2002) (cleaned up). Here, the Court applies "New York law and federal cases applying New York law in interpreting the release." *Mateo v. Carinha*, 799 Fed. App'x 51, 53 (2d Cir. 2020) (summary order). That case law provides that "[w]here the language of [a] release is clear, effect must be given to the intent of the parties as indicated by the language employed." *Wang v. Paterson*, No. 07-CV-2032, 2008 WL 5272736, at *4 (S.D.N.Y. Dec. 18, 2008) (quoting *Shklovskiy v. Khan*, 273 A.D.2d 371, 372 (N.Y. App. Div. 2d Dep't 2000)). Moreover, "[w]ords of general release are clearly operative not only as to all controversies and causes of action between the releasor and releasees which had, by that time, actually ripened into litigation, but to all such issues which might then have been adjudicated as a result of pre-existent controversies." *A.A. Truck Renting Corp. v. Navistar, Inc.*, 81 A.D.3d 674, 675 (N.Y. App. Div. 2d Dep't 2011) (quoting *Lucio v. Curran*, 2 N.Y.2d 257, 161-62 (1956)). "This is true notwithstanding a party's *pro se* status." *Staples v. Officer Acolatza*, No. 14-CV-3922 (WHP), 2016 WL 4533560, at *3 (S.D.N.Y. Mar. 9, 2016); *see also, e.g.*, *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (observing that a *pro se* complaint should be dismissed despite the obligation to construe it liberally if it does not state a plausible claim for relief).

In light of these standards, Urena's claims against Defendants are plainly foreclosed. The releases that Urena signed released Defendants from liability for any and all alleged civil rights violations arising on or before November 1, 2024, *see* Release 2, a universe of claims that

---

agreements are documents of which a court may take judicial notice in order to determine whether future claims are barred by a previous settlement").

comfortably encompasses Urena's claims in this case, *see* Compl. 4. Courts have routinely dismissed cases in similar circumstances. *See, e.g.*, *Caraballo v. City of New York*, 2025 WL 1430152, at *2-3 (2d Cir. May 19, 2025) (summary order); *Smith v. City of New York*, 236 A.D.3d 414, 416 (N.Y. App. Div. 1st Dep't 2025); *Walker v. Corizon*, 764 F. App'x 78, 79-80 (2d Cir. 2019) (summary order); *Cuadrado v. Zito*, No. 13 CV 3321 (VB), 2014 WL 1508609, at *2 (S.D.N.Y. Mar. 21, 2014); *Genao v. Ruiz*, No. 24-CV-2077 (LJL), 2025 WL 219160, at *4-5 (S.D.N.Y. Jan. 16, 2025); *Johnson v. City of New York*, No. 21-CV-10535 (VSB), 2023 WL 5629232, at *5 (S.D.N.Y. Aug. 31, 2023); *Dinkins v. Decoteau*, No. 1:15-CV-8914-GHW, 2016 WL 3637169, at *3-4 (S.D.N.Y. June 29, 2016); *Metwally v. City of New York*, No. 19-CV-8206 (GBD) (SDA), 2023 WL 2808215, at *3 (S.D.N.Y. Apr. 6, 2023); *Stephens v. Barnes*, No. 16-CV-7133 (LGS), 2018 WL 618454, at *3 (S.D.N.Y. Jan. 25, 2018). There is no basis to do otherwise here.

Urena's arguments to the contrary are without merit. First, relying on *Smith v. New York*, No. 12-CV-4851 (ERK) (LB), 2014 WL 6783194 (E.D.N.Y. Dec. 2, 2014), Urena argues that the terms of the Release are ambiguous. *See* ECF No. 45 ("Pl.'s Opp'n"), at 4-5. But *Smith* is inapposite. The plaintiff in *Smith* had signed a similar general release, but critically, it also included the following proviso: "This stipulation shall not be admissible in, nor is it related to, any other litigation." *Smith*, 2014 WL 6783194, at *7. In light of that language, the court concluded that whether the release applied to "other litigation" was, at best, ambiguous. *Id.* No such ambiguity, however, is present here. The settlement agreement in this case also includes a proviso but there is then a proviso to the proviso: "This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, *except to enforce the terms of this agreement*." Settlement ¶ 4 (emphasis added). By its terms, therefore, the agreement in this case — including the releases — can be enforced in other litigation.

3

Urena's other objections fall short as well. He asserts that the terms of the releases "contain fraud/trickery" that "void the release" because he "may have unknowingly released pending claims." Pl.'s Opp'n 5-6. But "[t]he intent of the parties to release the present claim is clear from the unambiguous and broad language of the release." *Mateo*, 799 Fed. App'x at 54. The Court "fully understand[s] that [Urena] might not have *actually* understood [the Release] to cover his pending federal claims," but "New York law proscribes such considerations." *Caraballo*, 2025 WL 1430152, at *3 (citing *LeMay v. H.W. Keeney, Inc.*, 124 A.D.2d 1026, 1026 (N.Y. App. Div. 4th Dep't 1986)). Next, Urena complains that Defendants "had at least constructive knowledge" of "other actions" pending at the time he signed the releases. Pl.'s Opp'n 5. Defendants' knowledge, however, has no bearing on the proper interpretation of the releases. Urena also objects that the consideration he received in exchange for the releases was "arguably insignificant," *id.* at 6, but "the 'adequacy' of that consideration (rather than its legal sufficiency) 'is not a proper subject for judicial scrutiny.'" *Gupta v. Headstrong, Inc.*, No. 17-CV-5286 (RA), 2018 WL 1634870, at *3 (S.D.N.Y. Mar. 30, 2018) (quoting *Apfel v. Prudential-Bache Sec. Inc.*, 81 N.Y.2d 470, 476 (1993)). Finally, Urena asserts that the district judge in the prior action "simply rubberstamped the stipulation" without sufficient "oversight." Pl.'s Opp'n 6. But he offers no factual support for that assertion, which, in event, has no bearing on the force or effect of the releases.

In short, Urena plainly released the claims in this case and must be held to the terms of his bargain. Accordingly, Defendants' motion to dismiss must be and is GRANTED. Further, the Court declines to *sua sponte* grant Urena leave to amend. Although leave to amend a pleading should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), and courts should generally grant plaintiffs proceeding without counsel leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam), "it is within the sound discretion of

4

the district court to grant or deny leave to amend," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  Here, the defects in Urena's claims are substantive, so amendment would be futile.  *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  Additionally, the Court already granted Urena leave to amend and explicitly cautioned him that he "w[ould] not be given any further opportunity to amend" to address issues raised by Defendants' motion.  *See* ECF No. 38; *see, e.g.*, *Overby v. Fabian*, No. 17-CV-3377 (CS), 2018 WL 3364392, at *14 (S.D.N.Y. July 10, 2018) ("Plaintiff's failure to fix deficiencies in his previous pleading, after being provided ample notice of them, is alone sufficient ground to deny leave to amend *sua sponte*.").  Finally, Urena has not suggested that he possesses any additional facts that could cure the defects in his claims.  *See, e.g.*, *Maione v. Med. Answering Servs., LLC*, No. 17-CV-8106 (JMF), 2018 WL 4682018, at *4 (S.D.N.Y. Sept. 28, 2018).

The Clerk of Court is directed to terminate ECF No. 33, to enter judgment in favor of Defendants, to close the case, and to mail a copy of this Memorandum Opinion and Order to Urena.

Further, the Court certifies, pursuant to 18 U.S.C. § 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith and *in forma pauperis* status is thus denied.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 18, 2025
      New York, New York

                                          JESSE M. FURMAN
                                    United States District Judge